IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

RICHARD DOSTIS,

                              Plaintiff,

                                        Civil Action No.
-v.-                                    9:06-CV-1091 (FJS/DEP)

Officer MATTHEW, *et al.,*

                              Defendants.

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

RICHARD DOSTIS, *Pro se*

FOR DEFENDANTS:

MILLER LAW FIRM                         FRANK W. MILLER, ESQ.
6575 Kirkville Rd.
East Syracuse, NY 13057

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

        Plaintiff Richard Dostis, a prison inmate who is proceeding *pro se*

and *in forma pauperis,* has commenced this proceeding pursuant to 42

U.S.C. § 1983 against several employees of the Delaware County Sheriff,

claiming deprivation of his constitutional rights occurring during the time of his confinement at the Delaware County Correctional Facility ("DCCF"). While the precise nature of his claims is somewhat difficult to discern, it appears that plaintiff is complaining principally of the medical care and treatment received while incarcerated within that facility, although his complaint also references harassment allegedly experienced by him at the hands of county corrections officials.

In response to plaintiff's complaint defendants have moved seeking its dismissal pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or, alternatively, for summary judgment dismissing plaintiff's claims both on the merits, and procedurally based upon his alleged failure to exhaust administrative remedies before commencing suit.  Prompted by receipt of a notice advising him of the consequences of standing mute, plaintiff has submitted a letter in opposition to the defendants' motion, but has not otherwise responded to it with anything of evidentiary value, nor has he countered defendants' statement of material, undisputed facts.

For the reasons set forth below I recommend against dismissal of plaintiff's complaint for failure to state a cause of action.  Turning to the alternative relief sought, however, I find that plaintiff's claims in this action

are procedurally barred based upon his failure to exhaust available administrative remedies before filing suit, and therefore recommend that defendants' motion for summary judgment be granted.

I.    BACKGROUND

Although the plaintiff is currently a prison inmate entrusted to the custody of the New York State Department of Correctional Services ("DOCS"), his claims arise out of what appear to have been multiple periods of incarceration within the DCCF.  Gaffney Aff. (Dkt. No. 16-11) ¶ 6.  In his complaint, plaintiff asserts that while there he was denied medical treatment, including after having swallowed toilet bowl cleaner and vomited blood.  Complaint (Dkt. No. 1) p. 7.  Plaintiff also maintains that his suicidal expressions to prison officials were not met with appropriate intervention, and that he was harassed by unidentified prison officials, who at one point confined him in a chair for a period of two hours. *Id.* at p. 6.

II.    PROCEDURAL HISTORY

Plaintiff commenced this action on or about January 17, 2006 in the United States District Court for the Western District of New York.  Dkt. No. 1.  As defendants, plaintiff's complaint names Delaware County Sheriff

Deputies Matthew, Andy, McDermott, Stanton, Mondor and Haywood
along with two John Doe defendants – one identified as a nurse, and the
other as a corrections sergeant – asserting claims against them both
individually and in their official capacities.[1]   The action was subsequently
transferred to this district by order issued by District Judge David G.
Larimer on September 5, 2006.  Dkt. No. 3.

On August 7, 2007, following the return of service acknowledgment
forms executed by defendants Stanton, Matthew, and Haywood, *see* Dkt.
Nos. 13-15, defendants moved seeking dismissal of plaintiff's complaint
pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure
or, in the alternative, for the entry of summary judgment in their favor.  Dkt.
No. 16.  As grounds for dismissal, defendants advance both plaintiff's
failure to exhaust administrative remedies and, substantively, the lack of
palpable merit of plaintiff's medical indifference claim.  *Id.*

After initially reviewing defendants' motion, which has been referred
to me for the issuance of a report and recommendation pursuant to 28
U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule
72.3(c), *see also* Fed. R. Civ. P. 72(b), I issued an order dated April 14,

---

[1]     It is unclear from plaintiff's complaint whether those are first names, last
names, or a combination of both.

2008 addressing the motion.  Dkt. No. 21.  In that order I indicated my

belief that dismissal pursuant to Rule 12(b)(1) and (6) of the Federal Rules

of Civil Procedure was not warranted, and noted that before summary

judgment could be entered the plaintiff, as a *pro se* prison inmate, was

entitled to receive a notice pursuant to Northern District of New York Local

Rule 56.2 apprising him of the potential consequences of failing to

properly oppose the motion.  *Id.*

On April 21, 2008 defendants refiled their motion, together with the

requisite Rule 56.2 notice and proof of service of that notice on the

plaintiff.[2]  Dkt. No. 22.  Plaintiff has since responded by submitting a letter

dated April 27, 2008, and filed two days later.[3]  Dkt. No. 23.  Defendants'

_____

[2]      With the exception of the required notice and proof of service, the papers
filed by defendants on April 21, 2008 are the same as those previously submitted in
support of their motion.  The court has therefore considered the motion filed on August
7, 2007 as still pending and has issued a clerk's correction of docket entry reflecting
that the subsequently filed motion is terminated as a pending motion.  *See* Dkt. Entry
Dated 4/30/08.

[3]      In his letter opposition to defendants' motion, plaintiff asserts that he is
disadvantaged based upon the lack of access to materials which he needs including,
*inter alia*, grievances and request forms from March and September of 2005.  *See*
Plaintiff's Letter Dated 4/27/08 (Dkt. No. 23) at p. 2.  While that response could
potentially be regarded as asserting an opposition under Rule 56(f) of the Federal
Rules of Civil Procedure to the granting of summary judgment, it fails to comply with
that provision in that it does not, in affidavit form, disclose precisely what documents
Dostis would seek during discovery, nor does he address how they would enhance his
ability to meaningfully oppose defendants' motion.  *See Nat'l Union Fire Ins. Co. v.
Stroh Co., Inc.*, No. 98 Civ. 8248, 2000 WL 264320, at *6 (S.D.N.Y. Mar. 9, 2000)
(continued...)

-5-

motion, including the portion seeking the entry of summary judgment, is therefore now ripe for determination.

III.    DISCUSSION

A.    Standards of Review

1.    Dismissal Standard

In their motion defendants seek dismissal of plaintiff's complaint for lack of jurisdiction and failure to state a cause of action upon which relief may be granted, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, respectively.  Although this is not clear, defendants' jurisdictional argument in support of their request under Rule 12(b)(1) appears to stem from plaintiff's alleged failure to exhaust available administrative remedies.  Since failure to satisfy the governing exhaustion requirement is not jurisdictional, but instead presents an affirmative defense which may be waived, *see Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004); *Thomas v. Keyser*, No. 01 Civ. 5615, 2004 WL 1594865, at *2 (S.D.N.Y. July 16, 2004), I will review the sufficiency of plaintiff's complaint utilizing the well-known standard informing

───────────────

[3](...continued)
(citing *Burlington Coat Factory Warehouse Corp. v. Espirit De Corp.*, 769 F.2d 919, 926 (2d Cir. 1985)).

consideration of motions interposed under Rule 12(b)(6).

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements.  Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible").  Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations

contained in the complaint to support his or her claim. *Twombly*, 127 S.

Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*,

355 U.S. 41, 78 S. Ct. 99 (1957), "described the breadth of opportunity to

prove what an adequate complaint claims, not the minimum standard of

adequate pleading to govern a complaint's survival").

　　In deciding a Rule 12(b)(6) dismissal motion, the court must accept

the material facts alleged in the complaint as true, and draw all inferences

in favor of the non-moving party. *Cooper v. Pate*, 378 U.S. 546, 546, 84

S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d

292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003);

*Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).

The burden undertaken by a party requesting dismissal of a complaint

under Rule 12(b)(6) is substantial; the question presented by such a

motion is not whether the plaintiff is likely ultimately to prevail, "'but

whether the claimant is entitled to offer evidence to support the claims.'"

*Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d

435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69

F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)). Accordingly, a

complaint should be dismissed on a motion brought pursuant to Rule

12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. *See Twombly*, 127 S. Ct. at 1969, 1974; *see also Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) ("In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'") (quoting *Twombly)*.  "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (3d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

    When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action.  *Erickson*, 127 S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d

119, 121 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived

deficiency in a *pro se* plaintiff's complaint, a court should not dismiss

without granting leave to amend at least once if there is any indication that

a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 704-05 (2d

Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely

given when justice so requires").

### 2.    Summary Judgment Standard

Summary judgment is governed by Rule 56 of the Federal Rules of

Civil Procedure.  Under that provision, summary judgment is warranted

when "the pleadings, the discovery and disclosure materials on file, and

any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct.

2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247,

106 S. Ct. 2505, 2509-10 (1986); *Security Ins. Co. of Hartford v. Old

Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d Cir. 2004).  A fact is

"material", for purposes of this inquiry, if it "might affect the outcome of the

suit under the governing law."  *Anderson*, 477 U.S. at 248, 106 S. Ct. at

2510; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir.

2005) (citing *Anderson*).  A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. Though *pro se* plaintiffs are entitled to special latitude when defending against summary judgment motions, they must establish more than mere "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986); *but see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (noting obligation of court to consider whether *pro se* plaintiff understood nature of summary judgment process).

When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion.  *Anderson*, 477 U.S. at 250 n.4, 106 S. Ct. at 2511 n.4; *Security Ins.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511.

-11-

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences from the facts, in a light most favorable to the nonmoving party.  *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998).  Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor."  *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted); *see also Anderson,* 477 U.S. at 250, 106 S. Ct. at 2511 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

B.    Failure to Exhaust

As an initial, threshold matter the defendants assert that plaintiff's claims are precluded based upon his failure to file and pursue a grievance through the prescribed internal administrative process before commencing this action complaining of medical indifference and harassment while at the DCCF.

With an eye toward "reduc[ing] the quantity and improv[ing] the quality of prisoner suits[,]"  *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 988 (2002), Congress altered the inmate litigation landscape

-12-

considerably through the enactment of the Prison Litigation Reform Act of

1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), imposing

several restrictions on the ability of prisoners to maintain federal civil rights

actions.  An integral feature of the PLRA is a revitalized exhaustion of

remedies provision which requires that "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a); *see Woodford v. Ngo,* 548 U.S. 81, 84, 126 S. Ct.

2378, 2382 (2006); *Hargrove v. Riley,* No. CV-04-4587, 2007 WL 389003,

at *5-6 (E.D.N.Y. Jan. 31, 2007).  This limitation is intended to serve the

dual purpose of affording "prison officials an opportunity to resolve

disputes concerning the exercise of their responsibilities before being

haled into courtl[,]" and to improve the quality of inmate suits filed through

the production of a "useful administrative record."  *Jones v. Bock,* 549

U.S. 199, 127 S. Ct. 910, 914-15 (2007) (citations omitted); *see Woodford,*

548 U.S. at 91-92, 126 S.Ct. at 2386; *see also Johnson v. Testman,* 380

F.3d 691, 697 (2d Cir. 2004).  "[T]he PLRA's exhaustion requirement

applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532, 122 S. Ct. at 992 (citation omitted).

The failure of a prisoner to satisfy the PLRA's exhaustion requirement is not jurisdictional, but instead gives rise to a defense which must affirmatively be raised by a defendant in response to an inmate suit. *Jones,* 127 S. Ct. at 918.  In the event a defendant named in such an action establishes that the inmate plaintiff failed properly to exhaust available remedies prior to commencing the action, his or her complaint is subject to dismissal.  *See Pettus v. McCoy*, No. 04-CV-0471, 2006 WL 2639369, at *1 (N.D.N.Y. Sept. 13, 2006) (McAvoy, J.); *see also Woodford*, 548 U.S. at 94-95, 126 S. Ct. at 2387-88 (holding that the PLRA requires "proper exhaustion" of available remedies).  "Proper exhaustion" requires a plaintiff to procedurally exhaust his or her claims by "compl[ying] with the system's critical procedural rules."  *Woodford*, 548 U.S. at 95, 126 S. Ct. at 2388; *see also Macias v. Zenk*, 495 F.3d 37, 43 (2d Cir. 2007) (citing *Woodford*).  While placing prison officials on notice of a grievance through less formal channels may constitute claim exhaustion "in a substantive sense", an inmate plaintiff nonetheless must meet the

-14-

procedural requirement of exhausting his or her available administrative remedies within the appropriate grievance construct in order to satisfy the PLRA. *Macias*, 495 F.3d at 43 (quoting *Johnson*, 380 F.3d at 697-98) (emphasis omitted).

In a series of decisions rendered since the enactment of the PLRA, the Second Circuit has crafted a three-part test for determining whether dismissal of an inmate plaintiff's complaint is warranted for failure to satisfy the PLRA's exhaustion requirement. *Macias*, 495 F.3d at 41; *see Hemphill v. New York,* 380 F.3d 680, 686 (2d Cir. 2004). Under the prescribed algorythm, a court must first determine whether administrative remedies were available to the plaintiff at the relevant times. *Macias,* 495 F.3d at 41; *Hemphill,* 380 F.3d at 686. If such a remedy existed and was available, the court must next examine whether the defendants have forfeited the affirmative defense of non-exhaustion by failing to properly raise or preserve it or whether, through their own actions, by preventing the exhaustion of plaintiff's remedies, they should be estopped from asserting failure to exhaust as a defense. *Macias*, 495 F.3d at 41; *Hemphill*, 380 F.3d at 686. In the event the proffered defense survives these first two levels of scrutiny, the court lastly must examine whether

-15-

special circumstances nonetheless exist and "have been plausibly

alleged" to justify the plaintiff's failure to comply with the applicable

administrative procedural requirements.[4]  *Macias*, 495 F.3d at 41;

*Hemphill*, 380 F.3d at 686.

                    1.   Availability of Remedy

         During the three periods of plaintiff's confinement in the DCCF, all of

which occurred during 2005, there was an inmate grievance procedure in

place at the facility.  Gaffney Aff. (Dkt. No. 16-11) ¶¶ 5-6.  The grievance

procedure is outlined in a pamphlet entitled "Inmate Rules and

Regulations" published by officials at the DCCF, and incorporates New

York state minimum standards for local grievance programs set out at 9

N.Y.C.R.R. Part 7032.  *See* Defendants' Exhibits (Dkt. No. 16-10) Exh. A

at p. 9 *et seq.*; *see also* Gaffney Aff. (Dkt. No. 16-11) ¶¶ 7, 8.  Those state

standards define a grievance, in relevant part, to include "a written inmate

complaint concerning either written or unwritten facility policies,

procedures, rules practices, programs or the action or inaction of any

person within the facility."  9 N.Y.C.R.R. § 7032.2(a).  Those standards

---

         [4]      In practicality these three prongs of the prescribed test, though
intellectually distinct, plainly admit of significant overlap.  *See Hargrove v. Riley,* No.
CV-04-4587, 2007 WL 389003, at *8 n.14 (E.D.N.Y. Jan. 31, 2007); *see also Giano v.
Goord*, 380 F.3d 670, 677 n.6 (2d Cir. 2004).

also require that inmates be afforded access to grievance forms, and direct that upon the filing of an inmate grievance an investigation be conducted and a written determination issued within five business days of receipt of a grievance.  9 N.Y.C.R.R. § 7032.4.  Those regulations also provide for an internal appeal mechanism, as well as for an external appeal to the Commission of Correction.  *Id.* §§ 7032.4(j),  7032.5.

Despite a DCCF inmate's entitlement under most circumstances to file and pursue a grievance in accordance with the procedures outlined in the inmate rule book, there are circumstances under which, for PLRA exhaustion purposes, the grievance procedure nonetheless is deemed not to have been available to an inmate plaintiff.  *See Hemphill*, 380 F.3d at 687-88.  Thus, for example, "[e]xhaustion may be considered unavailable in situations where plaintiff is unaware of the grievance procedure or did not understand it, . . . or where defendants' behavior prevents plaintiff from seeking administrative remedies."  *Hargrove,* 2007 WL 389003, at *8 (citations omitted) (noting, for example, that a defendant's failure to advance plaintiff's grievances or the issuance of threats against an inmate to deter the filing of a grievance may effectively render the administrative process unavailable).  When testing the availability of administrative

-17-

remedies in the face of claims that undue influence from prison workers

has caused a plaintiff inmate to forego the formal grievance process,

courts employ an objective test, examining whether "a similarly situated

individual of ordinary firmness [would] have deemed them available."  *Id.*

at 688 (internal quotations and citations omitted); *see Hargrove,* 2007 WL

389003, at *8.

    In this instance plaintiff has presented no evidence to establish that

he misunderstood the grievance process, or that through their actions the

defendants improperly deterred his filing of the grievance, and the record

discloses no basis for such a finding.  While in his letter plaintiff states, in

wholly conclusory fashion, that upon requesting the opportunity to file a

grievance he "was met with verbal abuse in the form of taunts and

threats[,]" that letter is of no evidentiary value, and in any event fails to rise

to a level sufficient, in opposing a summary judgment motion, to establish

a basis for finding that the grievance process was unavailable to the

plaintiff.  Indeed, in stark contrast to plaintiff's implicit assertion that he

was dissuaded from filing a grievance by defendants' conduct, the record

establishes that during his confinement at the DCCF Dostis filed two

grievances unrelated to the matters raised in his complaint, one in August

of 2005 and the other on September 4, 2005, and thus within the time

frame implicated in his complaint.[5]  *See* Gaffney Aff. (Dkt. No. 16-11) ¶ 10

and Exh. C.

### 2.    Presentation of Defense/Estoppel

_____The second prong of the *Hemphill* analysis focuses upon "whether

the defendants may have forfeited the affirmative defense of non-

exhaustion by failing to raise or preserve it, or whether the defendants'

own actions inhibiting the inmate's exhaustion of remedies may estop one

or more of the defendants from raising the plaintiff's failure to exhaust as a

defense."  *Hemphill,* 380 F.3d at 686 (citations omitted).

In this instance the defendants, having sought dismissal under Rule

12(b) in lieu of answering, have properly raised the defense affirmative

defense of failure to exhaust at the first available opportunity.  *See Acosta*

*v. Corrections Officer Dawkins*, No. 04 Civ. 6678, 2005 WL 1668627, at *5

(S.D.N.Y. July 14, 2005) (indicating that defendants' raising non-

exhaustion in their motion to dismiss was proper and timely).  This portion

of the required analysis, then, turns upon whether based upon their

actions, defendants should be estopped from asserting the affirmative

---

[5]     Plaintiff's complaint alleges that the incidents giving rise to his claims
occurred in September of 2005.  *See* Complaint (Dkt. No. 1) at p. 6.

defense.

To be sure, there are statements contained in plaintiff's complaint, which is sworn, as well as his unsworn letter in opposition to defendants' motion, which give room for pause.  In his complaint, plaintiff asserts that he requested the minimum standards procedures for grieving as well as the required grievance forms, but both were denied to him.  Complaint (Dkt. No. 1) at p. 6.  Plaintiff's letter similarly advises that plaintiff's request for a grievance form "was met with verbal abuse in the form of taunts and threats".[6]  Plaintiff's Letter Dated 4/27/08 (Dkt. No. 23) at p. 1.  While ordinarily this might raise a potential triable issue of fact in connection with the exhaustion issue, the fact that the letter is unsworn, and thus entitled to no evidentiary weight, *see Gee Chan Choi v. Jeong-Wha Kim*, No. 04-CV-4693, 2006 WL 3535931, at *10 n.7 (E.D.N.Y. Dec. 7, 2006), coupled with plaintiff's failure to respond to defendant's Local Rule 7.1(a)(3) Statement despite having received the requisite notice advising him of the consequences of that failure, suffice to eliminate the existence of any

_____

[6]      The portion of plaintiff's response to defendant's motion related to the exhaustion requirement is internally inconsistent.  In that response plaintiff first asserts that "[b]ecause of the time sensitive issue of the incident, a grievance was not a practical option at the time", but nonetheless goes on to allege that he in fact did "request a grievance and was met with verbal abuse in the form of taunts and threats." *See* Plaintiff's Letter Dated 4/27/08 (Dkt. No. 23) at p. 1.

genuine issue of material fact precluding the entry of summary judgment. *See, e.g., United States v. All Right, Title & Interest in Real Property & Appurtenances*, 77 F.3d 648, 657-58 (2d Cir.) (indicating that "submission of [an] unsworn letter was an inappropriate response to the . . . motion for summary judgment, and the factual assertions made in that letter were properly disregarded by the court"), *cert. denied*, 519 U.S. 816, 117 S. Ct. 67 (1996).

Moreover, despite his protestations to the contrary, the record now before the court firmly establishes that at the outset of each period of his incarceration at the DCCF plaintiff was provided, and in fact signed for, the inmate rules and regulations pamphlet published by the defendants.  *See* Gaffney Aff. (Dkt. No. 16-11) ¶ 6 and Exh. B.  Plaintiff's claim is also belied by the fact he filed grievances on appropriate forms on August 22, 2005 and September 4, 2005.  Under these circumstances, no reasonable factfinder could conclude that defendants, through their actions, precluded plaintiff's filing of a grievance and should be estopped from asserting the affirmative defense under the PLRA.

### 3.    Special Circumstances

The third, catchall factor to be considered under the Second Circuit's

prescribed exhaustion rubric focuses upon whether special circumstances have been plausibly alleged which, if demonstrated, would justify excusing a plaintiff's failure to exhaust administrative remedies. *Hemphill,* 380 F.3d at 689; *see also Giano v. Goord,* 380 F.3d 670, 676-77 (2d Cir. 2004); *Hargrove,* 2007 WL 389003, at *10. Among the circumstances potentially qualifying as "special" under this prong of the test include where a plaintiff's reasonable interpretation of applicable regulations regarding the grievance process differs from that of prison officials and leads him or her to conclude that the dispute is not grievable. *Giano*, 380 F.3d at 676-77; *see also Hargrove,* 2007 WL 389003, at *10 (quoting and citing *Giano*).

Plaintiff's claims in this action are undeniably grievable, dealing with defendants' alleged failure to provide him with constitutionally minimally required medical treatment under the Constitution, and engaging in harassment and abusive behavior toward him. Complaint (Dkt. No. 1) at pp. 6-7. The record discloses no basis to conclude that special circumstances exist to justify excusing the plaintiff complying with the PLRA's meaningful exhaustion requirement.

Having found that the PLRA's exhaustion requirement applies to the plaintiff, and that there are no circumstances now presented which would

-22-

warrant excusing him from that requirement, the inquiry becomes whether

that requirement was satisfied.  In their motion defendants have

definitively established that no formal grievance was filed regarding any of

the matters now at issue.  Gaffney Aff. (Dkt. No. 16-11) ¶¶ 9, 11-13.

Plaintiff counters by contending that he satisfied his exhaustion obligation

by writing a letter to the Delaware County Sheriff although that letter went

unanswered.  Complaint (Dkt. No. 1) at p. 6.  The mere sending of a letter

to the official in charge of a prison facility, however, without more, does

not suffice as a proper alternative sufficient to satisfy an inmate's

exhaustion requirement.  *See Branch v. Brown*, No. 01 CIV. 8295, 2003

WL 21730709, at *8 (S.D.N.Y. July 25, 2003).  Accordingly, I find that no

reasonable factfinder could conclude that plaintiff did in fact file a

cognizable grievance concerning the matters set forth in his complaint

and, accordingly, his claims are subject to dismissal on this threshold,

procedural basis.[7]

---

[7]     In my earlier order I signaled the possibility of a finding, when considering
all of the submissions associated with defendants' summary judgment motion, that an
issue of fact could be found to exist based upon the conflicting assertions regarding
plaintiff's letter to the Delaware County Sheriff.  *See* Order Dated 4/14/08 (Dkt. No. 21)
at 10, n. 2.  While that fact issue persists, notwithstanding the subsequent submissions,
it is no longer material based upon my finding of plaintiff's access to the grievance
process, as evidenced by his filing of two grievances, and the fact that the letter to the
Sheriff generated neither an answer nor an investigation, and thus does not provide a
(continued...)

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Because intrinsic materials not included with plaintiff's complaint have been submitted to the court and considered in order to adjudicate the portion of defendants' summary judgment motion seeking dismissal on the procedural basis of his failure to exhaust available internal remedies before filing suit, I recommend that the portion of defendants' motion seeking dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be denied.  I further recommend, however, that defendants' motion for summary judgment dismissing plaintiff's complaint as a matter of law, based upon his failure to exhaust available administrative remedies, be granted, based upon my finding that no reasonable factfinder could conclude that plaintiff either did file an internal grievance regarding the matters complained of before filing suit, or should be excused from that requirement.  Accordingly, it is hereby

RECOMMENDED that defendants' motion for summary judgment dismissing plaintiff's complaint (Dkt. No. 16) be GRANTED, and that plaintiff's complaint be DISMISSED in all respects.

---

[7](...continued)
basis to excuse the exhaustion requirement.  *See Branch*, 2003 WL 21730709, at *8.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.


Dated:      July 2, 2008
            Syracuse, NY


David E. Peebles
U.S. Magistrate Judge

-25-